No. 14-35576

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL G. SCHWERN,

Plaintiff-Appellee,

v.

NÓIRÍN PLUNKETT

Defendant-Appellant.

Appeal from the United States District Court for the District of Oregon
District Court Case No. 14-CV-00146-PK

## APPELLANT'S BRIEF

For Defendant-Appellant Nóirín Plunkett:

Erin K. Olson, OSB No. 934776
Law Office of Erin Olson, P.C.
2014 NE Broadway Street
Portland, OR 97232-1511
Telephone: (503) 546-3150
Fax: (503) 548-4435
E-mail: eolson@erinolsonlaw.com

Attorney for Defendant-Appellant

November 2014

i

# **TABLE OF CONTENTS**

<u>Page</u>

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES ..................................................iv

    Cases ...........................................................................iv

        Federal Cases.......................................................iv

        Oregon Cases........................................................v

        Other States' Cases...............................................v

    Laws and Rules.............................................................vi

        Federal Statutes and Rules ..................................vi

        Oregon Statutes, Laws, Bills, and Rules ...........vii

        Other States' Laws ............................................vii

    Other Authorities ........................................................vii

I.    Statement of Jurisdiction ...........................................1

    A.    District Court Jurisdiction ...............................1

    B.    Appellate Court Jurisdiction.............................1

    C.    Timeliness of Appeal.......................................1

II.    Statement of the Issues and Standard of Review ......2

    A.    Issues Presented...............................................2

    B.    Standard of Review .........................................2

**Table of Contents (cont.)**

III.  Statement of the Case ........................................................................2

IV.  Statement of Facts.............................................................................5

V.  Summary of Argument .....................................................................7

VI.  Argument ..........................................................................................8

    A.  Oregon's Anti-SLAPP Statute .............................................8

    B.  This Court has Jurisdiction to Hear this Appeal Under
        The Collateral Order Doctrine......................................... 10

    C.  The District Court Abused its Discretion in Admitting
        Late-Filed Evidence Offered by Plaintiff....................... 15

    D.  The District Court Erred in Finding that Plaintiff had
        Met His Burden of Establishing a Probability He Will
        Prevail on His Claims by Presenting Substantial
        Evidence to Support a *Prima Facie* Case ..................... 17

        1.  There is No Competent Evidence in the Record
            that Defendant Made Unprivileged Statements
            to Third Parties.................................................. 17

        2.  Plaintiff Did Not Produce Substantial Evidence to
            Support a *Prima Facie* Case for Any of his Claims ........... 21

        3.  Plaintiff Did Not Produce Substantial Evidence to
            Support a *Prima Facie* Case for his Claim for
            Defamation........................................................ 24

        4.  Plaintiff Did Not Produce Substantial Evidence
            To Support a *Prima Facie* Case for his Claim for
            Intentional Infliction of Emotional Distress ..................... 28

**Table of Contents (cont.)**

5.      Plaintiff Did Not Produce Substantial Evidence
To Support a *Prima Facie* Case for his Claim for
Intentional Interference with Economic Relations ............ 29

VII.   Conclusion  ............................................. 31

VIII.  Certificate of Compliance ....................................... 32

IX.    Statement of Related Cases ................................... 32

X.     Statement re: Oral Argument ................................ 32

Certificate of Service ............................................. 33

iv

# <u>TABLE OF AUTHORITIES</u>

## CASES

Page

<u>Federal Cases</u>

*Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676 (9th Cir. 1985) ...........................20, 23

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003)....................................1, 10-11, 13-14

*Cafasso v. General Dynamics C4 Systems*, 637 F.3d 1047 (9th Cir. 2011) .............20

*Chacon v. Babcock*, 640 F.2d 221 (9th Cir. 1981) ......................................................5

*Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 59 S.Ct. 206,
83 L.Ed. 126 (1938)......................................................................................23

*Curtis Pub. Co. v. Butts*, 388 U.S. 130, 87 S.Ct. 1975,
18 L.Ed.2d 1094 (1967).................................................................................27

*DC Comics v. Pacific Pictures Corp.* 706 F.3d 1009 (9th Cir. 2013)............ 1, 13-14

*Doe v. Gangland Productions, Inc.*, 730 F.3d 946 (9th Cir. 2013) ...........................2

*Englert v. MacDonell*, 551 F.3d 1099 (9th Cir. 2009)............................... 5, 7, 10-12

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817,
82 L.Ed. 1188 (1938)....................................................................................14

*Juan H. v. Allen*, 408 F.3d 1262 (9th Cir. 2005)......................................................20

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 130 S. Ct. 599,
175 L. Ed. 2d 458 (2009)........................................................................ 13-14

*Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002) .............................2

*Reno v. ACLU*, 521 U.S. 844, 117 S.Ct. 2329,
138 L.Ed.2d 874 (1997)................................................................................19

v

Page

**Oregon Cases**

*Aylett v. Universal Frozen Foods Co.*, 124 Or App 146, 861 P.2d 375 (1993) ......30

*Cron v. Zimmer*, 255 Or App 114, 296 P.3d 567 (2013) .........................................31

*DeLong v. Yu Enterprises, Inc*., 334 Or 166, 47 P.3d 8 (2002)...............................26

*Ducosin v. Mott*, 292 Or 764, 642 P.2d 1168 (1982)...............................................26

*House v. Hicks*, 218 Or App 348, 179 P.3d 730 (2008) ...........................................29

*McGanty v. Staudenraus*, 321 Or 532, 901 P.2d 841 (1995)...........................28, 30

*Nat'l. Union Fire Ins. Co. v. Starplex Corp*., 220 Or App 560,
    188 P.3d 332, *rev den*, 345 Or 417 (2008) .....................................................24

*Neumann v. Liles*, 261 Or App 567, 323 P.3d 521 (2014) ......................................27

*OEA v. Parks*, 253 Or App 558, 291 P.3d 789 (2012), *rev den*,
    353 Or 867 (2013) .........................................................................................22

*Page v. Parsons*, 249 Or App 445, 277 P.3d  609 (2012) ........................................8

*Staten v. Steel*, 222 Or App 17, 191 P.3d 778 (2008), *rev den*,
    345 Or 618 (2009) ...........................................................................8, 10, 16

*Vasquez v. Courtney*, 276 Or 1053, 557 P.2d 672 (1976) ......................................27

*Young v. Davis*, 259 Or App 497, 314 P.3d 350 (2013) .............................. 21-22, 26

**Other States' Cases**

*Chabak v. Monroy*, 154 Cal. App. 4th 1502, 65 Cal. Rptr. 3d 641
    (5th Dist. 2007) .......................................................................................... 26-27

*Comstock v. Aber*, 212 Cal. App. 4th 931, 151 Cal. Rptr. 3d 589 (1st Dist. 2012)...26

Page

**Other States' Cases (cont.)**

*Frizado v. Frizado*, 420 Mass. 592, 651 N.E.2d 1206 (1995)................................25

*MacDonald v. Caruso*, 467 Mass. 382, 5 N.E.3d 831 (2014) ...............................25

*Oviedo v. Windsor Twelve Properties*, LLC, 212 Cal App 4th 97,
    151 Cal Rptr 3d 117 (2012)..........................................................................22

# LAWS AND RULES

## Federal Statutes and Rules

9th Cir. R. 28-2.6....................................................................................................32

28 U.S.C. § 1291 ......................................................................................................1

28 U.S.C. § 1332 ......................................................................................................1

Fed. R. App. P. 4(a)(1)(A) .......................................................................................1

Fed. R. App. P. 32(a)(5).........................................................................................32

Fed. R. App. P. 32(a)(6).........................................................................................32

Fed. R. App. P. 32(a)(7)(B) ...................................................................................32

Fed. R. Civ. P. 54(b) ................................................................................................5

Fed. Rules of Evidence 302 ...................................................................................26

Local Rule 1-4........................................................................................................15

Local Rule 7-1(e)(1)...............................................................................................15

vii

Page

**Oregon Statutes, Laws, Bills, and Rules**

2001 Or Laws ch. 616 ................................................................................7

2009 Or Laws ch 449, § 1 ......................................................................8, 13

2009 Or Laws ch 449, § 3 .........................................................................8

Oregon Evidence Code 311(1)(k) ............................................................26

ORS 31.150 ............................................................1-3, 11-12, 14-17

ORS 31.150(1) ..................................................................... 1, 9-10, 13

ORS 31.150(2) ......................................................................... 8-9, 16

ORS 31.150(3) ......................................................................... 2, 7-9, 22, 31

ORS 31.150(4) ......................................................................... 9-10

ORS 31.152(4) .........................................................................1, 13, 16

ORS 31.155 ......................................................................... 11-12

ORS 174.010 ................................................................................22

Senate Bill 543 (2009) .............................................................................11

Senate Bill 543A (2009) ..........................................................................12

**Other States' Laws**

Mass. Gen. L. c. 209A ............................................................................25

Mass. Gen. L. c. 209A, § 3(d)................................................................25

## OTHER AUTHORITIES

http://en.wikipedia.org/wiki/Internet (last accessed November 13, 2014) ............19

# I.    STATEMENT OF JURISDICTION

## A.    District Court Jurisdiction

The district court had diversity jurisdiction over the underlying suit pursuant to 28 U.S.C. § 1332 inasmuch as plaintiff is a citizen of the State of Oregon, defendant is a citizen of a foreign state who is lawfully domiciled in the Commonwealth of Massachusetts, and the amount in controversy exceeds $75,000. ER 3, 87-88.

## B.    Appellate Court Jurisdiction

This is an appeal pursuant to 28 U.S.C. § 1291, under the collateral order doctrine, from the district court's order denying defendant's special motion to strike under ORS 31.150, Oregon's anti-SLAPP statute. *DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009 (9th Cir. 2013); *Batzel v. Smith*, 333 F.3d 1018, 1024-1026 (9th Cir. 2003); *see* ORS 31.150(1); ORS 31.152(4).

## C.    Timeliness of Appeal

Defendant timely filed her notice of appeal on July 8, 2014, from the Order entered by the district court on July 7, 2014, that adopted the Findings and Recommendation of the magistrate judge denying defendant's anti-SLAPP motion as to all of plaintiff's claims. ER 30-32, ER 1-2, ER 3-29.

The appeal was timely filed per Fed. R. App. P. 4 (a)(1)(A).

**Page 1 – APPELLANT'S BRIEF**

## II.  STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

### A.  Issues Presented

1.  Does this Court have jurisdiction to hear an appeal from the denial of an anti-SLAPP motion under Oregon's anti-SLAPP statute?

2.  Did the district court err in admitting late-filed evidence that was essential to its findings and conclusion?

3.  Did the district court err in denying defendant's anti-SLAPP motion based on findings that plaintiff had met his burden of producing substantial evidence to support a *prima facie* case with respect to each of his claims, as required by ORS 31.150(3)?

### B.  Standard of Review

The district court's denial of defendant's anti-SLAPP motion is a conclusion of law reviewed *de novo* by this Court.  *Doe v. Gangland Productions, Inc.*, 730 F.3d 946, 951 (9th Cir. 2013).

The district court's evidentiary rulings are reviewed for abuse of discretion. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

## III.  STATEMENT OF THE CASE

This appeal arises from the district court's denial of defendant's special motion to strike plaintiff's claims under ORS 31.150, Oregon's anti-SLAPP statute.

**Page 2 – APPELLANT'S BRIEF**

Plaintiff sued defendant, his ex-wife, for defamation, intentional infliction of severe emotional distress, and intentional interference with prospective economic relations after reports that he had been arrested for sexually assaulting defendant appeared on the Internet. ER 86-101. Defendant timely filed her anti-SLAPP motion, plaintiff timely filed a response after obtaining an extension of time from the magistrate judge, and defendant timely filed a reply. ER 102-103.

After filing his response memorandum, plaintiff filed additional declarations seeking to supplement the evidentiary record without seeking leave of the court for the late-filings, including one critical declaration filed moments before the hearing on defendant's motion commenced. ER 51-53, 58-59, 104. Defendant objected to the untimely evidentiary submissions. ER 34-36, 40-49.

In his Findings and Recommendations, the magistrate judge first overruled defendant's evidentiary objections, then applied the two-step analysis required by ORS 31.150. The magistrate judge recommended that the district court deny defendant's anti-SLAPP motion in its entirety after finding that defendant had met her burden of establishing that plaintiff's claims were within the scope of Oregon's anti-SLAPP statute, but concluding that plaintiff had met his burden of demonstrating a probability of prevailing on each of his claims through the presentation of substantial evidence. Alternatively, the magistrate judge

**Page 3 – APPELLANT'S BRIEF**

recommended that the district court lift the discovery stay imposed by the anti-SLAPP law to permit plaintiff to seek discovery to support his claims, including a limited deposition of defendant.  ER 3-29.

Plaintiff timely objected to so much of the magistrate judge's Findings and Recommendations as overruled defendant's evidentiary objections, concluded that plaintiff had met his burden of establishing a probability that he would prevail on each of his claims by presenting substantial evidence to support a *prima facie* case, or alternatively, recommended that plaintiff be permitted to obtain discovery from the defendant in order to seek evidence to support his claims.  ER 33-34.

Plaintiff did not object to any of the magistrate judge's Findings and Recommendations, and asked the district court to adopt them in their entirety.  ER 103 (D.C. Dkt. #24).

The district court adopted the magistrate judge's Findings and Recommendations in their entirety, and ordered the discovery stay lifted.  ER 1-2.

Defendant timely filed a notice of appeal to this Court, and moved to stay the proceedings in the district court pending appeal.  ER 30-31, 104 (D.C. Dkt. #s 26, 29)  Plaintiff opposed the motion to stay, and after hearing, the magistrate judge issued an Opinion and Order continuing the stay pending the outcome of this appeal.  ER 104 (Dkt. #s 31-33, 38).

**Page 4 – APPELLANT'S BRIEF**

This Court issued an order to show cause why defendant's appeal should not be dismissed for lack of jurisdiction, citing Fed. R. Civ. P. 54(b), *Chacon v. Babcock*, 640 F.2d 221 (9th Cir. 1981), and *Englert v. MacDonell*, 551 F.3d 1099, 1102 (9th Cir. 2009) as grounds for its directive. (Dkt. #4) After defendant submitted her memorandum in support of jurisdiction, the order to show cause was discharged, and defendant was ordered to address this Court's jurisdiction over this appeal in her brief. (Dkt. #s 5, 8)

## IV.  STATEMENT OF FACTS

Plaintiff and defendant were married November 12, 2011, and defendant moved to Portland, Oregon, to live with plaintiff. ER 77.

On November 24, 2012, plaintiff sexually assaulted defendant at the home they shared, and defendant reported the sexual assault to a mutual friend who facilitated plaintiff's immediate relocation from their shared home to the home of some friends. ER 78. Plaintiff and defendant continued their relationship while living apart. However, plaintiff continued to behave in a sexually, physically, and emotionally abusive manner toward defendant, and on September 19, 2013, they filed for divorce. ER 78. After doing so, they met at defendant's home for dinner, where plaintiff forced defendant to perform oral sex upon him, had intercourse with her over her repeated objections, choked her with his hands, and

**Page 5 – APPELLANT'S BRIEF**

penetrated her with a knife.  Defendant contacted a friend who arranged for

transport to the emergency room, where police were called and responded.

Defendant had a forensic sexual assault examination done at the hospital, and her

injuries were photographed.  ER 78.

On September 20, 2013, defendant learned that plaintiff had been bailed out

of jail, and she left the following morning for Massachusetts.  She has not

returned to Oregon, and decided after speaking with police and prosecutors to

attempt to put the matter and plaintiff behind her.  She informed the prosecutors

in Portland on or about October 23, 2013, that she did not wish to proceed with

the prosecution.  ER 78.

Plaintiff contacted defendant via e-mail on November 12, 2013, and that

prompted her to obtain a restraining order against him.  Plaintiff unsuccessfully

contested the restraining order through Boston counsel at a December 12, 2013

hearing.  ER 79-83.

On January 27, 2014 – the day plaintiff filed this lawsuit as well as

defendant's birthday – six white roses were delivered to defendant at her temporary

residence in Cambridge, Massachusetts.  She believed they had been sent by

plaintiff because the two had shared an interest in World War II history, and also

had discussed a story about the execution of six members of a resistance group

**Page 6 – APPELLANT'S BRIEF**

called the White Rose. Police were contacted, and their investigation revealed the flowers had been ordered by someone who identified himself as "Michael S." ER 79, 84-85.

## V.     SUMMARY OF ARGUMENT

This Court has jurisdiction over this appeal because 2009 amendments to Oregon's anti-SLAPP statute, which were enacted in direct response to this Court's decision in *Englert v. MacDonell*, 551 F.3d 1099 (9th Cir. 2009), provide for an immediate right of appeal from the denial of an anti-SLAPP motion.

The district court abused its discretion in overruling defendant's objections to the admission of plaintiff's untimely submitted evidence, which evidence was critical to the district court's decision to deny defendant's anti-SLAPP motion.

The district court committed legal error in denying defendant's anti-SLAPP motion because plaintiff failed to meet his burden of producing substantial evidence to support a *prima facie* case with respect to each of his claims, as required by ORS 31.150(3).

## VI.     ARGUMENT

### A.     Oregon's Anti-SLAPP Statute.

Oregon's anti-SLAPP statute was enacted in 2001. 2001 Or Laws ch 616. It was closely modeled after California's anti-SLAPP statute, and was similarly

**Page 7 – APPELLANT'S BRIEF**

intended to enable a defendant who is sued for speech and conduct protected by the rights to petition and free speech to have civil claims dismissed quickly and inexpensively without the burden of discovery or trial. *See Staten v. Steel*, 222 Or App 17, 27, 191 P.3d 778 (2008), *rev den*, 345 Or 618 (2009); *Page v. Parsons*, 249 Or App 445, 461, 277 P.3d 609 (2012).

The Oregon Legislature reinforced its purpose in 2009, explicitly creating an immediate right of appeal from the denial of an anti-SLAPP motion, and codifying that the "purpose of the [anti-SLAPP] procedure * * * is to provide a defendant with the right to not proceed to trial in cases in which the plaintiff does not meet the burden specified in [the statute]." 2009 Or Laws ch 449, §§ 1, 3; ER 131. The same 2009 amendment also stated that the anti-SLAPP procedures "are to be liberally construed in favor of the exercise of the rights of expression described" in the law. 2009 Or Laws ch 449, § 3; ER 131.

Like California's law, Oregon's anti-SLAPP law creates a two-step procedure for analyzing whether a claim must be dismissed under the law. First, a defendant must demonstrate "that the claim against which the motion is made arises out of a statement, document, or conduct described in subsection (2)" of the statute. ORS 31.150(3). Subsection (2) provides:

> (2) A special motion to strike may be made under this section against any claim in a civil action that arises out of:

**Page 8 – APPELLANT'S BRIEF**

> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
>
> (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;
>
> (c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
>
> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

ORS 31.150(2).

Once the defendant makes this initial showing that her speech or conduct is within one of the protected categories, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case."  ORS 31.150(3).  The statute directs that "the court shall grant the motion unless the plaintiff establishes * * * that there is a probability that the plaintiff will prevail on the claim."  ORS 31.150(1).

In determining whether the plaintiff has met this burden, the court may consider the "pleadings and supporting and opposing affidavits stating the facts

**Page 9 – APPELLANT'S BRIEF**

upon which the liability * * * is based." ORS 31.150(4). The Oregon Court of

Appeals has observed that the plaintiff's burden under ORS 31.150(4) "is

potentially much heavier than merely establishing the existence of a disputed issue

of fact." *Staten v. Steel*, 222 Or App 17, 31, 191 P.3d 778 (2008), *rev den*, 345 Or

618 (2009).

### B. This Court has Jurisdiction to Hear this Appeal Under the Collateral Order Doctrine.

ORS 31.150(1), as amended in 2009, provides for an immediate right of

appeal from the denial of an anti-SLAPP motion. The 2009 amendments were in

direct response to this Court's holding in *Englert v. MacDonell*, 551 F.3d 1099 (9th

Cir. 2009), that Oregon's anti-SLAPP statute did not provide for an immediate

right of appeal from the denial of an anti-SLAPP motion.

In *Englert*, this Court said:

> The failure of the Oregon Legislature to provide for an appeal
> from the denial of a special motion to strike provides
> compelling evidence that, unlike their California counterparts,
> Oregon lawmakers did not want "to protect speakers from the
> trial itself," *id.* at 1025, as much as they wanted to have in place
> a process by which a *nisi prius* judge would promptly review
> the evidence underlying the defamation complaint to determine
> whether it had sufficient merit to go forward.

*Id.* at 1106 (quoting *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003)). This Court's

distinction in *Englert* of Oregon's anti-SLAPP law from the California statute

**Page 10 – APPELLANT'S BRIEF**

analyzed in *Batzel*, which expressly <u>did</u> provide for a right of interlocutory appeal, was critical to its holding in that case.

The *Englert* opinion was released January 7, 2009. On February 16, 2009, in direct response to that opinion, the Oregon Senate introduced Senate Bill 543, which provided for an immediate right of appeal from the denial of an anti-SLAPP motion under ORS 31.150. ER 110, 119.

In his testimony before the Senate Judiciary Committee during the first public hearing on SB 543, attorney Charles Hinkle, who urged the passage of the bill, noted that it was "intended to provide a substantive immunity from suit." ER 116. Mr. Hinkle also noted that while SB 543 would only apply in state court, it "will remove the basis for the Ninth Circuit's conclusion that California law and Oregon law point in different directions with respect to the appealability of an order denying an anti-SLAPP motion." ER 116.

The Senate Judiciary Committee's Staff Measure Summary noted that issues discussed by that Committee included the anti-SLAPP law's "[s]imilarity to California's law." ER 121. Additionally, as urged by Mr. Hinkle, that committee added an amendment to the bill to emphasize the intent of Oregon's anti-SLAPP law:

> The purpose of the procedure established by this section and
> ORS 31.150 and 31.155 is to provide a defendant with the right

**Page 11 – APPELLANT'S BRIEF**

to not proceed to trial in cases in which the plaintiff does not
meet the burden specified in ORS 31.150(3). This section and
ORS 31.150 and 31.155 are to be liberally construed in favor of
the exercise of the rights of expression described in ORS
31.150(2).

ER 118, 122.

After the Senate had approved SB 543A by a unanimous vote (ER 111),

the House Committee on Judiciary, in its own Staff Measure Summary,

summarized the issues addressed by the bill by noting that "Oregon's SLAPP suit

law is working well but this inability to immediately appeal has been a glitch," and

went on to describe the effect of SB 543A as "allow[ing] the defendants to

immediately appeal. Without the opportunity for immediate appeal, defendants

can file a rarely granted motion[1] with the Oregon Supreme Court, or proceed with

paying the costs to defend the case." ER 128; *see also* ER 115.

SB 543A was unanimously passed by the Oregon House of

Representatives as well, and went into effect January 1, 2010. ER 111-112, 131.

This Court has expressly acknowledged that the effect of the 2009

amendments to ORS 31.150 has been effectively to overturn its decision in

*Englert*:

> *Englert* has been superseded by changes to the underlying
> statute. Subsequent to our decision, Oregon's anti-SLAPP

---

[1] The "motion" referred to is a petition for a writ of mandamus. *See* ER 115.

**Page 12 – APPELLANT'S BRIEF**

statute was amended to specifically provide for a right of immediate appeal. Act of June 23, 2009, ch. 449, § 1, 2009 Or. Laws 1194, 1194 (codified at Or. Rev. Stat. § 31.150(1)); *see also id.* § 3, 2009 Or. Laws at 1195 (codified at Or. Stat. § 31.152(4)) (stating that the purpose of the revised anti-SLAPP statute is "to provide a defendant with the right not to proceed to trial in cases in which the plaintiff does not meet the burden specified" by the statute). Thus, the Oregon statute now likely affords immunity from suit, as California's does.

*DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009, 1016, n. 8 (9th Cir. 2013).

The *DC Comics* decision came about as a result of a request that the Court revisit its holding in *Batzel v. Smith*, which allowed an immediate appeal from the denial of an anti-SLAPP motion under California law. The plaintiff in *DC Comics* argued that *Batzel* was no longer good law following a decision of the United States Supreme Court that analyzed the application of the collateral order doctrine. That decision, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009), held that the collateral order doctrine did not permit the immediate appeal of a discovery ruling on the applicability of the attorney-client privilege. *Id.* at 114.

In rejecting the suggestion that the Supreme Court's decision in *Mohawk Industries* had overturned its holding in *Batzel v. Smith*, this Court noted that California's anti-SLAPP statute is effectively an immunity from suit rather than a defense against liability, and as such, "remains among the class of orders for which

**Page 13 – APPELLANT'S BRIEF**

an immediate appeal is available." *DC Comics*, 706 F.3d at 1015. "This is especially so given the particular public interests that the anti-SLAPP statute attempts to vindicate. It would be difficult to find a value of a 'high[er] order' than the constitutionally-protected rights to free speech and petition that are at the heart of California's anti-SLAPP statute." *Id.* (quoting *Mohawk Industries*, 558 U.S. at 106-107).

Oregon's anti-SLAPP statute is materially indistinguishable from California's, as implicitly noted by this Court in the *DC Comics* case, 706 F.3d at 1016, n. 8, and as expressly intended by the Oregon Legislature in amending ORS 31.150 in 2009 so that it provides for an immediate right of appeal (just as California had done in 1999). ER 114-118, 121. Therefore, like California's law, Oregon's anti-SLAPP law provides for immunity from suit rather than just a defense from liability.

When a state law "recognizes the protection of the Anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well." *Batzel v. Smith*, 333 F.3d at 1025-26 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

**Page 14 – APPELLANT'S BRIEF**

**C.** **The District Court Abused its Discretion in Admitting Late-Filed Evidence Offered by Plaintiff.**

On the morning of the hearing on defendant's anti-SLAPP motion, plaintiff filed a declaration over defendant's objection that was critical to the district court's denial of defendant's motion. ER 51-52, 10, 18, 23-24. Plaintiff filed no motion for leave to file the declaration late, nor did he show good cause for the late filing.

Local Rule 7-1(e)(1) requires a response to a motion to be filed within fourteen days after service of the motion. However, Local Rule 1-4 allows a judge, "[i]n the interest of justice," to "suspend or modify the application of these rules in an individual case." Indeed, at the request of plaintiff's counsel, the magistrate judge did extend the time for plaintiff to file his response to defendant's anti-SLAPP motion, doubling the time allowed by Local Rule 7-1(e)(1). ER 103 (D.C. Dkt. #s 8-13). Defendant submits that the district court abused its discretion in admitting critical evidence filed and served by plaintiff's counsel moments before the hearing on defendant's anti-SLAPP motion was to start.

In recommending the district court's consideration of the late-filed declaration, the magistrate judge wrote that "no legitimate purpose could be served by declining to consider otherwise competent evidence on the grounds of untimeliness, and considerations of judicial economy weigh heavily in favor of admitting all proffered evidence *nunc pro tunc* in the interest of deciding the issues

**Page 15 – APPELLANT'S BRIEF**

raised by defendant's motion definitely and expeditiously."  ER 18.  This

recommendation was consistent with the argument made by plaintiff's counsel at

the hearing, which was essentially that if the district court did not admit the late-

filed declaration and denied defendant's anti-SLAPP motion due to lack of

evidence, plaintiff would just re-file the lawsuit with the evidence in hand.  ER 49.

A threat to re-file a lawsuit if the court dismisses the current suit based on

lack of competent evidence is not good cause for admitting late-filed evidence.

One purpose of anti-SLAPP statutes is to deter the filing of questionable lawsuits

that target the exercise of protected constitutional rights by requiring plaintiffs who

file such lawsuits to have in hand the evidence to support their claims.  *See Staten*

*v. Steel*, 222 Or App 17, 27, 30, 191 P.3d 778 (2008), *rev den*, 345 Or 618 (2009)

(purpose of ORS 31.150 is to "permit a defendant who is sued over certain actions

taken in the public arena to have a questionable case dismissed at an early stage[,]"

and the motion "thus, may require the plaintiff to present the factual basis for its

claim at the beginning of the litigation.").  Allowing such evidence to be filed late,

when an opponent has no meaningful opportunity to challenge or respond to the

evidence, does not serve the interests of justice, and is inconsistent with the Oregon

Legislature's dictate that Oregon's anti-SLAPP laws "are to be liberally construed

**Page 16 – APPELLANT'S BRIEF**

in favor of the exercise of the rights of expression described in ORS 31.150(2)."
ORS 31.152(4).

> **D.** **The District Court Erred in Finding that Plaintiff had Met His Burden of Establishing a Probability He Will Prevail on His Claims by Presenting Substantial Evidence to Support a *Prima Facie* Case.**

After correctly finding that defendant's alleged statements were within the protection of ORS 31.150, the district court then erred in applying the second prong of the anti-SLAPP analysis by concluding that plaintiff met his burden to establish that there is a probability he will prevail on his claims by presenting substantial evidence to support a *prima facie* case.

> **1.** **There Is No Competent Evidence in the Record that Defendant Made Unprivileged Statements to Third Parties.**

In his analysis, the district court observed that "[t]wo material factual questions regarding [defendant's] purported statements to third parties are * * * a common element of each of [plaintiff's] claims." ER 20. The first material factual question is "the falsehood of [defendant's] purported statements to third parties." ER 21. Except for the reason set forth at pp. 24-25, defendant does not dispute that the district court's conclusion that plaintiff's declaration that he did not sexually assault defendant is sufficient to meet his burden at this stage of the proceedings. Rather, it is the district court's conclusion as to the second of the two material

**Page 17 – APPELLANT'S BRIEF**

factual questions that defendant challenges:  that plaintiff presented admissible

evidence that defendant actually made any such unprivileged statements.  *See* ER

20.

In finding plaintiff had met his burden of demonstrating that defendant

actually made such statements, the magistrate judge wrote:

> Interpreting this evidence in the light most favorable to
> [plaintiff], it is a fair inference therefrom (for purposes of
> [defendant's] special motion only) that at least some of the third
> parties publishing such posts received their information
> regarding the incident directly from [defendant] (one such post
> references a press release issued by [plaintiff's] counsel as a
> source of primary information, but that release issued
> September 24, 2013, after several of the other posts had already
> been published), if only due to the manifest improbability that
> members of the general public would otherwise have learned
> about the incident (and adopted [defendant's] perspective as to
> what had occurred) directly from publicly available arrest
> records within fewer than 48 hours following the arrest. I
> therefore recommend that the court presume the truth of the
> inference, for purposes of determining whether [plaintiff] has
> met his burden at the second step of the two-step process only,
> that [defendant] made unprivileged defamatory statements to
> third parties regarding [plaintiff's] conduct of September 19,
> 2013, as alleged in [plaintiff's] complaint.

ER 21-22.

This finding requires speculation, because there is no evidence that

defendant was the source of the information published on the Internet.  The finding

also ignores the reality of the Internet and the speed with which information can be

**Page 18 – APPELLANT'S BRIEF**

distributed.  *See generally Reno v. ACLU*, 521 U.S. 844, 849-853, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997) (describing the evolution, availability, and use of the Internet); http://en.wikipedia.org/wiki/Internet (last accessed November 13, 2014) (describing modern uses and social impact of the Internet).

The only direct evidence that defendant made <u>any</u> unprivileged statements to any third party is in the challenged declaration of Casey West.  However, as noted by the magistrate judge, West was not a person who publicly posted anything about the sexual assault, and "West's testimony standing alone is therefore not sufficient, in the absence of any affirmative inference drawn therefrom, to establish a probability that [plaintiff] will prove his contention that [defendant] made similar statements to the other third parties whose social media responses are at issue here."  ER 18 (n. 3).

Beyond the information in the Casey West declaration, there is simply no evidence that the defendant made statements to the third parties whose Internet postings plaintiff relies on to support his claims.  The postings themselves identify only plaintiff's counsel and plaintiff's publicly-available arrest record as the sources of their information.  It is not a reasonable inference to draw from the evidence presented by the plaintiff that the source of the postings was defendant.  Rather, it is mere speculation.  While the postings may establish that their source "could

**Page 19 – APPELLANT'S BRIEF**

conceivably" have been plaintiff, they do "not give rise to a reasonable inference" that the source was plaintiff. *Cafasso v. General Dynamics C4 Systems*, 637 F.3d 1047, 1061 (9th Cir. 2011) (analyzing reasonableness of inferences in the context of summary judgment motion). To find that plaintiff met his burden from the postings themselves "would require undue speculation[,]" and plaintiff's obligation is to "set forth non-speculative evidence of specific facts, not sweeping conclusory allegations." *Id.* An even more reasonable inference to be drawn from the Internet postings is that their source was plaintiff's counsel and/or public records, because those are the only cited sources of information in the postings themselves. *See also Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 681 (9th Cir. 1985) ("In determining whether an inference may be reasonable, the district court should not weigh competing inferences against each other.").

Absent the late-filed West declaration and the unreasonable inference that defendant is the source of the information posted on the Internet, there is no evidence that defendant made unprivileged statements that plaintiff sexually assaulted her. [2] "Speculation and conjecture cannot take the place of reasonable inferences and evidence[.]" *Juan H. v. Allen*, 408 F.3d 1262, 1279 (9th Cir. 2005).

---

[2] To the extent the district court relied on Plaintiff's declaration statement that Talena Gandy stopped speaking to him because of unprivileged statements made

**Page 20 – APPELLANT'S BRIEF**

## 2. Plaintiff Did Not Produce Substantial Evidence to Support a *Prima Facie* Case for Any of his Claims.

While the district court cited to recent decisions of the Oregon Court of Appeals in concluding that plaintiff had produced "substantial evidence to support a *prima facie* case," his application of the legal standards discussed in those cases was flawed.

The most comprehensive recent discussion of the plaintiff's burden under ORS 31.150(3) was in *Young v. Davis*, 259 Or App 497, 314 P.3d 350 (2013). In analyzing the statute's intended meaning of the burden placed on a plaintiff once the defendant has made a *prima facie* showing that the challenged claims fall within the protection of the statute, the Court of Appeals wrote:

> Here, the phrase "that there is a probability" is qualified by the phrase "*by* presenting substantial evidence to support a prima facie case." (Emphasis added.) Thus, the statute, read as a whole, dictates that a plaintiff has met its burden where it has, in fact, "present[ed] substantial evidence to support a prima facie case." In other words, the statutory text indicates that the presentation of substantial evidence to support a *prima facie* case is, *in and of itself*, sufficient to establish a probability that the plaintiff will prevail; whether or not it is "likely" that the

───────────────────────────────

by defendant, the district court erred -- there is absolutely no evidence to support such a finding other than timing.

Similarly, to the extent the district court inferred "that [defendant] made false statements accusing [plaintiff] of heinous criminal acts to members of [plaintiff's] professional community," ER 24, since the only evidence of such a statement was in the West declaration, and Casey West is nowhere identified as a "member of [plaintiff's] professional community."

**Page 21 – APPELLANT'S BRIEF**

> plaintiff will prevail is irrelevant in determining whether it has
> met the burden of proof set forth by ORS 31.150(3).  *See OEA
> v. Parks*, 253 Or App 558, 565, 291 P3d 789 (2012), *rev den*,
> 353 Or 867 (2013) (rejecting argument that "the standard
> established by ORS 31.150 requires *more* evidence than that
> from which a reasonable jury could conclude that [the]
> plaintiffs had established the facts necessary to prove their
> claim" (emphasis in original)); *see also Oviedo v. Windsor
> Twelve Properties, LLC*, 212 Cal App 4th 97, 112, 151 Cal Rptr
> 3d 117 (2012) ("The probability of prevailing standard is
> satisfied when the party opposing an anti-SLAPP motion
> presents admissible evidence demonstrating the existence of a
> *prima facie* case * * *.").

*Young v. Davis*, 259 Or App at 508 (emphasis in original).  The Court of Appeals

went on to describe the plaintiff's burden as a "low bar" intended "to weed out

meritless claims meant to harass or intimidate – not to require that a plaintiff prove

its case before being allowed to proceed further."  *Id.*

Despite the "low bar" faced by a plaintiff seeking to defeat an anti-SLAPP

motion, the bar requires "substantial evidence to support a *prima facie* case."  ORS

31.150(3) (emphasis added).  That is, the bar requires both evidence, and that the

evidence be substantial.  The word "substantial" cannot simply be ignored.  ORS

174.010 ("In the construction of a statute, the office of the judge is simply to

ascertain and declare what is, in terms or in substance, contained therein, not to * *

* omit what has been inserted[.]").

**Page 22 – APPELLANT'S BRIEF**

"Substantial evidence is more than a mere scintilla." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938) (quoted with approval in *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 684 (9th Cir. 1985)).  It is also more than a weak inference where a stronger inference to the contrary can be drawn from the same evidence.

The evidence presented by defendant was that the only statements she made to third parties about plaintiff's sexual attack on her were privileged, because they were either made in furtherance of a criminal investigation and prosecution, or they were made in a judicial proceeding.  Plaintiff produced no evidence, let alone substantial evidence, that the information posted on Internet that is the basis for his claims came from unprivileged statements made by defendant rather than information generated by public officials as a result of defendant's privileged statements.  Indeed, the only evidence of the sources of the posted information is as follows:  Stumptown Syndicate stated that *plaintiff* is the source of its information.  ER 72 (emphasis added).  Ada Initiative stated that information therein came from "a lawyer representing [plaintiff]" who "published a press release."  ER 68.  None of the exhibits attached to plaintiff's declaration contains a statement from defendant, or even a statement that one could reasonably infer came from the defendant.  ER 62-76.  While a court is entitled to draw reasonable

**Page 23 – APPELLANT'S BRIEF**

inferences from the evidence submitted by a plaintiff to support a *prima facie* case in opposition to an anti-SLAPP motion, the inferences must be reasonable and not mere speculation.

Absent substantial evidence, defendant's anti-SLAPP motion should have been granted, and the district court erred in denying it.

### 3. Plaintiff Did Not Produce Substantial Evidence to Support a *Prima Facie* Case for his Claim for Defamation.

To survive defendant's motion to strike his claim for defamation, plaintiff was required to present admissible evidence to support each of the elements of such a claim, which are: "(1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se* and therefore gives rise to presumptive special harm." *Nat'l. Union Fire Ins. Co. v. Starplex Corp.*, 220 Or App 560, 584, 188 P.3d 332, *rev den*, 345 Or 417 (2008). Defendant does not dispute that a false report of rape is defamatory *per se.* However, a statement is defamatory only if it is false, and plaintiff's first hurdle was to establish the falsehood of defendant's alleged statements.

In the district court, plaintiff filed a sworn statement that he did not sexually assault or have nonconsensual sexual contact with defendant, and defendant filed a sworn statement saying he did. However, in a prior proceeding, defendant sought

**Page 24 – APPELLANT'S BRIEF**

and obtained a restraining order against plaintiff in Cambridge, Massachusetts

District Court based on sworn allegations that plaintiff had sexually assaulted her.

ER 79-83.  Plaintiff was represented by counsel at the hearing to contest the

issuance of the restraining order, and had an opportunity to litigate it.  ER 79, 83;

*see also Frizado v. Frizado*, 420 Mass. 592, 651 N.E.2d 1206 (1995) (finding

procedures in Mass. Gen. L. c. 209A facially constitutional))*; c.f.* Mass. Gen. L. c.

209A, § 3(d) (no presumption of abuse arises from order).  At the conclusion of the

restraining order hearing, the judge extended the initial *ex parte* order, in which the

court had found that "there is a substantial likelihood of immediate danger of

abuse."  The burden at such a hearing requires that "the plaintiff proves, by a

preponderance of the evidence, that the defendant has caused or attempted to cause

physical harm, committed a sexual assault, or placed the plaintiff in reasonable fear

of imminent serious physical harm."  *MacDonald v. Caruso*, 467 Mass. 382, 386, 5

N.E.3d 831 (2014).

Having already established in a prior court proceeding by a preponderance

of evidence that plaintiff sexually assaulted defendant – a court proceeding of

which plaintiff had notice, an opportunity to be heard, and an opportunity to cross-

examine defendant – defendant's evidence supporting her anti-SLAPP motion does

more than refute plaintiff's evidentiary support for his claims, and for that reason,

**Page 25 – APPELLANT'S BRIEF**

is distinguishable from the Oregon Court of Appeals' criticism of the trial court's weighing of the competing evidence in *Young v. Davis*, 259 Or App 497, 509-510, 314 P.3d 350 (2013).  In this case, defendant is entitled to a presumption that the Cambridge District Court's finding supporting the issuance of a protective order was the result of the lawful exercise of that court's jurisdiction.  FRE 302/OEC 311(1)(k).

Plaintiff's failure to meet his burden of establishing that defendant's statements were false is but one of the reasons defendant's motion with respect to plaintiff's defamation claim should have been granted.  With the exception of the challenged statements in the Casey West declaration, all of the allegedly false statements of defendant were privileged, because under Oregon law, reports of crime to police or others involved in the criminal investigatory process are privileged.  *See Ducosin v. Mott*, 292 Or 764, 770, 642 P.2d 1168 (1982) (report to medical examiner of suspected foul play was absolutely privileged); *c.f. DeLong v. Yu Enterprises, Inc.*, 334 Or 166, 47 P.3d 8 (2002) (informal report to law enforcement was conditionally privileged); *see also Comstock v. Aber*, 212 Cal. App. 4th 931, 941, 151 Cal. Rptr. 3d 589 (1st Dist. 2012) ("the law is that communications to the police are within SLAPP."); *Chabak v. Monroy*, 154 Cal. App. 4th 1502, 1512, 65 Cal. Rptr. 3d 641 (5th Dist. 2007) (defendant's reports of

**Page 26 – APPELLANT'S BRIEF**

child abuse to the police were protected by California's anti-SLAPP statute because they arose out of the defendant's "right to petition the government.").

Moreover, statements made in judicial proceedings are absolutely privileged. *Vasquez v. Courtney*, 276 Or 1053, 1055, 557 P.2d 672 (1976). All of defendant's written statements about plaintiff's sexual and other abuse of her were made either in the Massachusetts protective order proceeding or in this proceeding, and so are absolutely privileged. *Id.*

Finally, plaintiff alleged that defendant made the statements complained of with "actual malice," presumably because plaintiff claims to be a public figure within his community, and actual malice is required to prove a public figure has been defamed. *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 155, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); *see Neumann v. Liles*, 261 Or App 567, 579, 323 P.3d 521 (2014) (discussing claim that plaintiffs were "limited public figures who were required to present evidence that defendant acted with malice in order to establish a *prima facie* case of defamation"). The district court did not reach the question of whether plaintiff is a limited public figure for purposes of proving his defamation claim, but in the event this Court concludes that he is, defendant submits that he introduced no admissible evidence that defendant's allegedly defamatory statements were made with actual malice.

**Page 27 – APPELLANT'S BRIEF**

Plaintiff failed to meet his burden with respect to his defamation claim, and the district court erred in denying defendant's anti-SLAPP motion to strike that claim.

### 4.  Plaintiff Did Not Produce Substantial Evidence to Support a *Prima Facie* Case for his Claim for Intentional Infliction of Emotional Distress.

With respect to the claim for intentional infliction of severe emotional distress, the district court erred in finding that plaintiff produced competent, substantial evidence of the elements of the claim other than the severe emotional distress he asserts he has experienced.  Those elements under Oregon law are that defendant:  (1) intended to inflict severe emotional distress on the plaintiff; (2) defendant's actions caused the plaintiff severe emotional distress; and (3) defendant's actions transgressed the bounds of socially tolerable conduct. *McGanty v. Staudenraus*, 321 Or 532, 543, 901 P.2d 841 (1995).

To meet his burden with respect to the first element, plaintiff was required to establish that defendant either desired to inflict severe emotional distress on plaintiff or knew that such distress was certain or substantially certain to occur.  *Id.* at 550.  Plaintiff introduced no admissible evidence that defendant's intention in reporting plaintiff's sexual assault to law enforcement and the courts was to inflict severe emotional distress upon him.  While being arrested may have in fact caused

**Page 28 – APPELLANT'S BRIEF**

plaintiff severe emotional distress, he offers no competent or admissible evidence that it was defendant's intention to do so.

With the exception of the erroneously-admitted evidence in the form of the Casey West declaration, plaintiff offered no admissible evidence that defendant reported plaintiff's sexual assault of her to anyone other than law enforcement and the courts, which reports are privileged.

Finally, defendant's complaints that plaintiff had sexually assaulted her do not exceed the bounds of socially tolerable conduct – such a judgment is one "of social standards rather than of specific occurrences." *House v. Hicks*, 218 Or App 348, 358-59, 179 P.3d 730 (2008). It is socially tolerable to report criminal acts of violence.

### 5. Plaintiff Did Not Produce Substantial Evidence to Support a *Prima Facie* Case for his Claim for Intentional Interference with Economic Relations.

With respect to the claim for intentional interference with economic relations, defendant disputes that plaintiff has produced competent, substantial evidence of any of the elements of the claim, to wit: (1) the existence of one or more professional or business relationships; (2) intentional interference with those relationships; (3) by the defendant; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage

**Page 29 – APPELLANT'S BRIEF**

to the economic relationship; and (6) damages. *McGanty v. Staudenraus*, 321 Or at 535.

The belatedly-authenticated social media and other Internet postings relied upon by plaintiff contain no evidence that the posters were prospective employers, and plaintiff did not allege that they were so in his complaint. ER 99, ¶ 41. That plaintiff hoped to someday have relationships with the companies listed in his complaint is not competent evidence that such relationships existed or were feasible. *C.f. Aylett v. Universal Frozen Foods Co.*, 124 Or App 146, 861 P.2d 375 (1993) (allowing potato growers to bring a claim against the defendant potato buyer for interfering with growers' prospective relationship with another buyer).

Even if plaintiff had offered or could offer such evidence of a prospective business relationship, he did not establish by any evidence that defendant's reports to law enforcement and the court were intended to interfere with such relationships, or that such reports were an "improper means or for an improper purpose."

Similarly, he offered no competent or admissible evidence of causation or damages, other than wishful speculation.

The purpose of the tort of intentional interference with economic relations is to protect "economic relationships, both commercial and noncommercial, that

**Page 30 – APPELLANT'S BRIEF**

would have very likely resulted in a pecuniary benefit to the plaintiff but for the defendant's interference." *Cron v. Zimmer*, 255 Or App 114, 127, 296 P.3d 567 (2013). There is no competent evidence in the record to support this claim, and the district court erred in concluding otherwise.

## VII.    CONCLUSION

This Court has jurisdiction over this appeal by virtue of the 2009 amendments to Oregon's anti-SLAPP statute, which were expressly intended to afford defendants whose anti-SLAPP motions are denied with an immediate right of appeal.

The district court abused its discretion in admitting critical evidence on the date of the hearing on defendant's anti-SLAPP motion without a showing of good cause and where such admission served only the interests of plaintiff, and not the interests of justice.

The district court committed legal error in denying defendant's anti-SLAPP motion because plaintiff had entirely failed to meet his burden of producing substantial evidence to support a *prima facie* case with respect to each of his claims, as required by ORS 31.150(3).

**Page 31 – APPELLANT'S BRIEF**

For these reasons, this Court should reverse the ruling of the district court, and remand this case with a directive that the district court dismiss plaintiff's case without prejudice.

## VIII. CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,982 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 2010 using Times New Roman in 14 point type.

## IX. STATEMENT OF RELATED CASES

Defendant-Appellant is not aware of any cases pending in this Court that would be deemed related pursuant to 9th Cir. R. 28-2.6.

## X. STATEMENT RE: ORAL ARGUMENT

Defendant requests oral argument.

DATED this 16th day of November, 2014.

LAW OFFICE OF ERIN OLSON, P.C.

s/ Erin K. Olson
Erin K. Olson, OSB 934776
Attorney for Defendant-Appellant

**Page 32 – APPELLANT'S BRIEF**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing **APPELLANT'S BRIEF**, together

with its accompanying **APPELLANT'S EXCERPTS OF RECORD**, on

November 16, 2014, with the Clerk of the Court for the United States Court of

Appeals for the Ninth Circuit by using the appellate CM/ECF system on November

16, 2014.

I certify that all participants in this case are registered CM/ECF users and

that service will be accomplished by the appellate CM/ECF system.

DATED this 16th day of November, 2014.

s/ Erin K. Olson
Erin K. Olson, OSB 934776
Attorney for Defendant-Appellant

**Page 33 – APPELLANT'S BRIEF**