No. 14-35576

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL G. SCHWERN,

Plaintiff-Appellee,

v.

NÓIRÍN PLUNKETT

Defendant-Appellant.

Appeal from the United States District Court for the District of Oregon
District Court Case No. 14-CV-00146-PK

## APPELLANT'S REPLY BRIEF

For Defendant-Appellant Nóirín Plunkett:

Erin K. Olson, OSB No. 934776
Law Office of Erin Olson, P.C.
2014 NE Broadway Street
Portland, OR  97232-1511
Telephone:   (503) 546-3150
Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

    Attorney for Defendant-Appellant

January 2015

## **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ................................................................................i

TABLE OF AUTHORITIES ........................................................................iii

    Cases ................................................................................................iii

        Federal Cases ........................................................................iii

    Laws and Rules ..............................................................................iii

        Federal Statutes and Rules ...................................................iii

        Oregon Statutes ....................................................................iii

I.     Reply to Appellee's Statement of Facts .......................................................1

II.    Summary of Reply Argument.......................................................................1

III.   Reply Argument............................................................................................2

      A.     The Immediate Right of Appeal in Oregon's Anti-SLAPP
            Statute is Materially Indistinguishable from California's
            and Should Be Similarly Applied ....................................................2

      B.     The Only Issue Properly Before this Court Concerning the
            Timeliness of Plaintiff's Submission of Critical Evidence is
            Whether the District Court Abused its Discretion in
            Considering the Evidence.................................................................4

      C.     Plaintiff's Claims Fail as a Matter of Law Because he
            Failed to Establish a *Prima Facie* Case that Defendant
            Communicated Any Allegedly False, Unprivileged
            Statements to Others.........................................................................5

IV.   Conclusion ...................................................................................................6

Page

V. Certificate of Compliance ......................................................................... 7

Certificate of Service ........................................................................................ 8

# TABLE OF AUTHORITIES

## CASES

Page

**Federal Cases**

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ...................................................... 2, 3

*DC Comics v. Pacific Pictures Corp.* 706 F.3d 1009 (9th Cir. 2013) ........................ 3

*Englert v. MacDonell*, 551 F.3d 1099 (9th Cir. 2009) ......................................... 1, 2, 3

*Russian River Watershed Protection Comm. v. City of Santa Rosa,*
    142 F.3d 1136 (9th Cir.1998) ................................................................................ 6

*United States v. Van Winrow,* 951 F.2d 1069 (9th Cir. 1991) .................................... 6

## LAWS AND RULES

**Federal Statutes and Rules**

28 U.S.C. § 1291 .......................................................................................................... 3

Fed. R. App. P. 32(a)(5) ............................................................................................... 7

Fed. R. App. P. 32(a)(6) ............................................................................................... 7

Fed. R. App. P. 32(a)(7)(B) ......................................................................................... 7

**Oregon Statutes**

ORS 31.150 .............................................................................................................. 2, 3

## I. REPLY TO APPELLEE'S STATEMENT OF FACTS

In his "Statement of Facts," plaintiff relies extensively on allegations in his complaint for which there is no evidence in the record. Among the "facts" recited by plaintiff are that his counsel conducted an investigation and "determined that the evidence exonerated plaintiff," and further, that plaintiff's counsel had presented this "evidence" to the prosecutor. Plaintiff suggests (without actually saying) that it was the presentation of this "evidence" that caused the prosecutor to cancel the grand jury. Appellee's Brief, p. 4.

Nowhere in the record before this Court is there evidence that plaintiff was exonerated, or that the prosecutor cancelled the grand jury because of whatever it is that plaintiff's counsel produced to her. Each of plaintiff's citations to a page numbered ER 86 to ER 101 in his "Statement of Facts" is a citation to the complaint, not to evidence in the record. This Court should disregard any asserted facts that are supported only by citations to the complaint.

## II. SUMMARY OF REPLY ARGUMENT

While the Oregon Legislature cannot force a change in federal law, the amendments to Oregon's anti-SLAPP statute resulting from this Court's decision in *Englert v. MacDonell*, 551 F.3d 1099 (9th Cir. 2009), were materially indistinguishable from the provisions of California law that this Court relied upon

**Page 1 – APPELLANT'S REPLY BRIEF**

to find an immediate right of appeal in California's anti-SLAPP statute. *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003).

The district court found that the late-filed declarations of plaintiff's counsel and Casey West were untimely. Plaintiff did not object to those findings, so they are not properly raised on appeal. The only issue properly before this Court concerning the late-filed declarations is whether the district court abused its discretion in treating them as timely filed.

Plaintiff's claims fail as a matter of law because he failed to establish, with evidence properly before the district court, a *prima facie* case that defendant communicated any allegedly false, unprivileged statements to others.

### III. REPLY ARGUMENT

**A. The Immediate Right of Appeal in Oregon's Anti-SLAPP Statute is Materially Indistinguishable from California's and Should Be Similarly Applied.**

Plaintiff argues that the Oregon Legislature's 2009 amendments to ORS 31.150 did not change federal law, and so this Court's decision in *Englert v. MacDonell*, 551 F.3d 1099 (9th Cir. 2009) is still good law.

The 2009 amendments to ORS 31.150 provide for an immediate right of appeal from the denial of an anti-SLAPP motion in terms that are materially indistinguishable from the provisions of California law that this Court relied upon

**Page 2 – APPELLANT'S REPLY BRIEF**

to find an immediate right of appeal in California's anti-SLAPP statute. *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003). The Court acknowledged this in *DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009, 1016 n. 8 (9th Cir. 2013), and said as much in *Englert v. MacDonnell* in the complete paragraph from which plaintiff selectively quotes in his brief, which reads as follows:

> We emphasize that our brief discussion of the availability of mandamus in Oregon is not intended to suggest that Oregon law determines the availability of appellate review here. On the contrary, federal law is controlling on this issue. Nor did *Batzel* suggest otherwise. *Batzel* did not hold that an order denying a special motion to strike was appealable under the collateral order doctrine merely because California authorized an appeal as a matter of right. Instead, it held that, if a legislature provided an appeal unique to its anti-SLAPP statute, as was the case in California, it could be inferred that its purpose was to confer immunity from suit — an immunity which can only be vindicated by permitting an interlocutory appeal. This is not the case here. With respect to its anti-SLAPP statute, Oregon has chosen to apply a final judgment rule comparable to that prescribed in 28 U.S.C. § 1291 and has not made any special provision, similar to that enacted in California, for appellate relief from the denial of a special motion to strike. This provides compelling evidence that Or.Rev.Stat. § 31.150 was intended to do nothing more than provide the defendants with a procedural device to obtain prompt review by a *nisi prius* judge of the likelihood that the plaintiff would be able to come forward with sufficient evidence to get to a jury.

*Englert*, 551 F.3d at 1107. Inasmuch as Oregon has now "made [a] special provision, similar to that enacted in California, for appellate relief from the denial

**Page 3 – APPELLANT'S REPLY BRIEF**

of a special motion to strike[,]" this Court's application of such a provision should be consistent with its application of California's similar provision.

B. **The Only Issue Properly Before this Court Concerning the Timeliness of Plaintiff's Submission of Critical Evidence is Whether the District Court Abused its Discretion in Considering the Evidence.**

The district court found that the evidentiary submissions plaintiff filed after submission of his opposition memorandum were untimely. ER 18 ("I agree with Plunkett that Schwern's proffer of West's testimony is untimely."); ER 18-19 ("For the same reasons discussed above in connection with the West declaration, the court should deem the Wilner-Nugent declaration timely filed[.]"). Plaintiff did not object to those findings, and should not be permitted to do so for the first time on appeal, as he appears to be doing by arguing that "no source of law establishes a deadline for the submission of evidence in opposition to a special motion to strike a complaint." Appellee's Brief, p. 19.

The only issue properly before this Court concerning the West and Wilner-Nugent declarations is whether the district court abused its discretion in considering the untimely evidentiary submissions.

**Page 4 – APPELLANT'S REPLY BRIEF**

**C.     Plaintiff's Claims Fail as a Matter of Law Because he Failed to Establish a *Prima Facie* Case that Defendant Communicated Any Allegedly False, Unprivileged Statements to Others.**

The crux of plaintiff's arguments is that defendant told others in unprivileged communications that plaintiff had sexually assaulted her.  As noted by *amicus curiae* National Crime Victim Law Institute ("NCVLI"), with the exception of the untimely-filed Casey West declaration, plaintiff relies on Internet postings that nowhere refer to sexual assault, but only to his arrest on domestic violence charges of strangulation and harassment.

There is no dispute between the parties that plaintiff was arrested on domestic violence charges of strangulation and harassment – the online postings which state that are true.  Since truth is an absolute defense to defamation, and since plaintiff relies on unprivileged statements allegedly made by defendant to "other third parties" that he sexually assaulted her to support both of his other claims (*see* ER 20), all of his claims fail as a matter of law for the reasons stated in NCVLI's *amicus curiae* brief.

NCVLI notes that this particular argument is raised for the first time on appeal in its *amicus curiae* brief.  It is true that this specific factual argument was not made by defendant in her opening brief and was not specifically identified in her objections to the magistrate judge's factual findings (*see* ER 34-36).  However,

**Page 5 – APPELLANT'S REPLY BRIEF**

the district court's factual findings included evidence from Casey West's declaration, which attributed to defendant statements accusing plaintiff of raping her with a knife. As noted by NCVLI in its *amicus curiae* brief, there is no evidence in the record that defendant accused plaintiff of sexual assault absent the statement in the West declaration.

In the event this Court finds NCVLI's argument to raise an issue for the first time on appeal, defendant expressly adopts NCVLI's arguments as her own, and asks the Court to consider them in this appeal. *See United States v. Van Winrow,* 951 F.2d 1069, 1072 (9th Cir. 1991) ("Because [litigant] states in his brief that he wishes to adopt [amicus'] arguments as his own, and because they present pure issues of law, we will consider them here."); *c.f. Russian River Watershed Protection Comm. v. City of Santa Rosa,* 142 F.3d 1136, 1141 (9th Cir.1998) (declining to address issue raised by amicus for first time on appeal when the appellee did not adopt the amicus' argument in its brief).

## IV.   CONCLUSION

For these reasons, and those in appellant's opening brief, this Court should reverse the ruling of the district court, and remand this case with a directive that the district court dismiss plaintiff's case without prejudice.

**Page 6 – APPELLANT'S REPLY BRIEF**

## V. CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,369 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 2010 using Times New Roman in 14 point type.

DATED this 30th day of January, 2015.

>LAW OFFICE OF ERIN OLSON, P.C.
>
> s/ Erin K. Olson
> Erin K. Olson, OSB 934776
> Attorney for Defendant-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing **APPELLANT'S REPLY BRIEF** on January 30, 2015, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 30th day of January, 2015.

s/ Erin K. Olson<br>
Erin K. Olson, OSB 934776<br>
Attorney for Defendant-Appellant

Page 8 – APPELLANT'S REPLY BRIEF